IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR276 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ANTHONY D. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 19) issued by Magistrate Judge F.A. Gossett recommending denial of the motions to suppress filed by the Defendant, Anthony Harris (Filing Nos. 9, 11). Harris filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 20, 21) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Harris is charged in an Indictment with possession with intent to distribute less than 50 kilograms of a mixture or substance containing marijuana (Count I) and criminal forfeiture (Count II). Harris seeks an order suppressing his arrest and evidence obtained on May 10, 2005, during searches of his vehicle and the Omaha, Nebraska apartment in question.

Following an evidentiary hearing, Judge Gossett issued a Report and Recommendation in which he concluded: probable cause existed for issuance of the anticipatory search warrant; the warrant was properly executed as an anticipatory warrant or, alternatively, the *Leon* good-faith exception applies;[1] the warrantless arrest was justified

---

[1] For the reasons stated in the Report and Recommendation, Judge Gossett assumed, without deciding, that Harris has standing to contest the search of the apartment in question. (Filing No. 19, at 9-10.) Standing was not an issue presented by the parties, and the government has not objected to any suggestion that Harris has

as a felony arrest; the search of the vehicle yielding in particular Harris's cellular telephone and keys was incident to Harris's lawful arrest.

On the basis of these determinations, Judge Gossett recommended that Harris's motions to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court shall make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events surrounding the events relevant to the traffic stop, search, and arrest. The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 18). The Court also carefully viewed the evidence (Filing No. 16). Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings in their entirety.

## FACTUAL BACKGROUND

Briefly, packages found to contain marijuana bound for an Omaha, Nebraska address and addressed to Christina Gaskin were intercepted. An anticipatory search warrant application was prepared, with the specific anticipatory language appearing in the

---

standing. Therefore, the Court concludes that Harris has standing to contest the apartment search.  *United States v. Livesay,* 983 F.2d 135, 137 (8th Cir. 1993).

affidavit but not in the warrant itself. The warrant was signed, and a controlled delivery was arranged. Harris identified himself as Steven Jackson and accepted the packages. It was not known at the time that Harris provided a false name. Once the delivery was completed, Harris was seen immediately leaving the premises in a vehicle. While Harris was not seen leaving with either of the packages, it was not known for sure whether he had a package or whether he had opened one or more of the packages and taken a smaller amount of the marijuana with him. Officers performed a traffic stop. Harris's vehicle was searched incident to his arrest. Harris's keys seized from the vehicle unlocked the apartment door and a safe in the apartment that contained a large amount of cash. Once Harris was arrested, the apartment was searched.

## ANALYSIS

The Defendant objects to the following portions of Judge Gossett's Report and Recommendation: 1) the absence of anticipatory language in the warrant itself does not warrant suppression; 2) as an alternative, the *Leon* good-faith standard applies; and 3) officers had probable cause to believe that Harris committed a felony offense.

### *Anticipatory Language in the Warrant*

Certainly the better practice would have been to include the anticipatory language in the search warrant itself. However, under the facts of this case the failure to do so does not render the determination of probable cause in issuing the warrant insufficient or the search pursuant to the warrant illegal. The Eighth Circuit Court of Appeals has stated that an affidavit may provide sufficient particularity for a search warrant if it is incorporated into or attached to the warrant or if the affidavit is merely present at the scene of the search.

*United States v. Tagbering,* 985 F.2d 946, 950 (8th Cir. 1993) (quoting *Rickert v. Sweeney,* 813 F.2d 907, 909 (87th Cir. 1987)). In this case, the evidence does not reflect that the affidavit was attached to the warrant or present at the search. However, the affidavit is incorporated into the search warrant. (Ex. 1, at 3 (stating "[t]hat based upon the sworn affidavit and application for issuance of a search warrant" the described probable cause exists).) The objection is denied.

**Leon *Good-Faith Exception***

Alternatively, the Court agrees that the exception pursuant to *United States v. Leon,* 468 U.S. 897 (1984) applies. Officer Scott testified that once the search warrant was signed he believed that he had the authority to execute the warrant. (Tr. 8:24-9:02.) Therefore, Officer Scott acted in good-faith reliance on the warrant, and the *Leon* exception applies. *See id.* at 922-23.

*Probable Cause - Felony Offense*

Harris argues that officers lacked probable cause to believe that he committed a felony offense, and therefore the traffic stop[2] and arrest were illegal. It is undisputed that Harris accepted the controlled delivery of the package. Harris took the packages into the apartment in question and immediately left the apartment in a vehicle. Harris argues, among other things, that probable cause for the stop and felony arrest was lacking because he was not seen leaving the premises with the packages.

Harris's acceptance of the packages known to contain controlled substances and his quick exit provided sufficient probable cause for the traffic stop and Harris's arrest.

---

[2]The traffic stop was not based on a traffic violation.

*See, e.g., United States v. Dickey-Bey,* 393 F.3d 449, 450-51 (4th Cir. 2004) (warrantless arrest of defendant was proper after defendant retrieved a package known to contain cocaine from a package delivery service); *United States v. Miggins,* 302 F.3d 384, 388 (6th Cir. 2002) (defendants signed for a package delivered during the course of a controlled delivery, left in a vehicle and were arrested); *United States v. McGregor,* 31 F.3d 1067, 1068 (11th Cir. 1994) (defendant was lawfully arrested upon accepting a controlled delivery of package containing cocaine).  The objection is denied.

### CONCLUSION

For the reasons discussed, the Defendant's motions to suppress are denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 19) is adopted in its entirety;

b. The Statement of Objections to the Report and Recommendation (Filing No. 20) is denied;

3. The Defendant's Motions to Suppress (Filing Nos. 9 and 11) are denied.

DATED this 8th day of December, 2005.

                                                BY THE COURT:

                                                s/Laurie Smith Camp
                                                United States District Judge