IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR276** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **ANTHONY D. HARRIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing No. 39 & 43 (Defendant) and 40 (government)). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these tentative findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

Both parties object to ¶¶ 19 and 27 insofar as they address the inclusion of $20,000 cash in determining the base offense level. The drug quantity contemplated by the parties in the Rule 11(c)(1)(C) plea agreement that could be proved beyond a reasonable doubt did not include the cash. The Court's tentative finding is that the objections are granted.

The Defendant also objects to ¶¶ 28 (U.S.S.G. § 2J1.7) and 74 (consecutive sentence). The objections are discussed below.

**¶ 28 (U.S.S.G. § 2J1.7)**

18 U.S.C. § 3147 provides that a defendant convicted of a felony offense committed while the defendant is on release must be sentenced, in addition to the sentence prescribed for the offense, to a term of imprisonment of up to 10 years.

U.S.S.G. § 2J1.7 provides that if an enhancement under § 3147 applies, 3 levels must be added to the offense level for the offense committed while the defendant is on release "as if this section were a specific offense characteristic contained in the offense guideline for the offense committed while on release."

As stated in the Addendum to the PSR, on April 18, 2005, Harris was sentenced in 8:04CR124.  Harris was allowed to self surrender and was re-released on the same conditions of his pretrial release.  He then committed the instant offense while he was out on bond after sentencing.

The Defendant, without citing to any legal authority, argues that because he was awaiting self surrender after being sentenced on an unrelated charge, § 2J1.7 does not apply.  Harris was clearly on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3143, and the enhancement applies.  *United States v. Mostrom,* 11 F.3d 93, 94 (8th Cir. 1993) (stating that the defendant, allowed to self-surrender, was on release pursuant to 18 U.S.C. §§ 3143 and 3145).

The Court notes that while the Indictment did not recite any factual allegations with respect to the allegation that Harris committed the instant offense while on release, it cited to 18 U.S.C. § 3147.  Therefore, Harris had "sufficient notice" of the enhancement. U.S.S.G. § 2J1.7 commentary.  The Eighth Circuit Court of Appeals has determined that a district court may find sentencing factors by a preponderance of the evidence and specifically that *Booker* does not require that such enhancements be proved beyond a reasonable doubt.  *United States v. Artis,* 161 Fed. Appx. 627 (8th Cir. 2006).

For these reasons, the Court's tentative finding is that the objection is denied.

***¶ 74 (Consecutive Sentence)***

The Defendant objects to ¶ 74 insofar as the PSR suggests that the sentence imposed for the § 3147 offense be consecutive to the sentence imposed on the underlying offense. The information included in ¶ 74 paraphrases the information contained in the application notes and commentary that accompany § 2J1.7. The objection is denied.

IT IS ORDERED:

1. The Court's tentative findings are that the government's objection to the drug quantity and base offense level (¶¶ 19, 27) (Filing No. 40) is granted;

2. The Court's tentative findings are that the Defendant's objections (Filing Nos. 39 and 43) are granted in part and denied in part as follows:

   a. the objection to the drug quantity and base offense level (¶¶ 19, 27) is granted;

   b. otherwise, the objections are denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.  Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.  Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 10th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge